DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

# January, 1881.

---

IN THE MATTER OF THE FINAL ACCOUNTING OF WILLIAM DEY
ERMAND, AS EXECUTOR, ETC., OF SAMUEL ROBINSON,
DECEASED.

*Surrogate — power of, to open a decree — when it should not be exercised — a decree
should only be vacated in so far as it relates to the alleged error — Direction for accu-
mulation of income — when invalid — who entitled to the income.*

Although a surrogate has power to open a decree, even after the time to appeal
therefrom has passed, in order to correct a palpable error therein, such power
should only be exercised when the moving party shows fraud, deception or
excusable negligence in regard to the error sought to be corrected.

The fact that the moving parties, who were represented by counsel before the
surrogate, were ignorant of the law at the time of the entry of the decree, and
only discovered their mistake after the expiration of the time to appeal there-
from, furnishes no ground for the opening of the decree.

When a proper case presents itself for the exercise of the power, the surrogate
should not set aside or open the whole decree, but only so much thereof as
relates to the alleged error.

A testator devised and bequeathed to his executor the sum of $11,000 in trust, to
invest the same in bond and mortgage, and keep the accumulations on the
same invested until the decease of his sister-in-law, and then to pay the same
to her children as therein provided. The balance, rest and remainder of his
estate he devised and bequeathed to two persons named in his will.

*Held,* that the direction as to the accumulation of the interest on the $11,000
was void.

That the said interest should be paid over to the residuary legatees, and not to
those entitled to the fund on the death of the sister-in-law of the testator.

APPEAL from an order of the surrogate of Albany county opening and vacating a decree theretofore entered upon the final accounting of William Dey. Ermand, as executor of Samuel Robinson, deceased.

On February 4, 1879, a decree was entered, passing and allowing the accounts of the said Dey Ermand, as executor of Samuel Robinson, and directing as to the distribution of his estate.

By his will the testator devised and bequeathed " the sum of eleven thousand ($11,000) dollars to my said executor, hereinafter named, in trust for the following intents and purposes, viz.: To invest the same on bond and mortgage and keep the said accumulation of the same invested until the decease of my sister-in-law, Eliza Howe, of the city of New York; and then, in the event of the said Eliza Howe dying intestate, then I will and direct my executor to pay to Benjamin F., Alexander C. and John L. Howe each the sum of two thousand ($2,000) dollars, and the balance thereof to Margaret Chamberlain (all of the above are children of the said Elizabeth Howe). But reserving, however, that in case the said Eliza Howe dies leaving a last will and testament wherein she does not devise or bequeath to the said Margaret Chamberlain an amount equal to one-fourth of her estate, then, in that case, I hereby direct, and my will is, that my said executor pay over the whole of the said sum of eleven thousand ($11,000) dollars to the said Margaret Chamberlain ; nothing hereinbefore to the contrary notwithstanding." * * *

" Item 5th. The balance, rest and remainder of my estate I will, devise and bequeath to my brother and my much attached friend William Dey Ermand, share and share alike."

By his decree the surrogate held that the direction for the accumulation of the income on the $11,000 was invalid and ordered the said income to be paid over to the residuary legatees. Upon an application made by the children of the said Eliza Howe claiming that they and not the residuary legatees were entitled to this income, the surrogate, on September 28, 1880, made an order providing, among other things, thus, " and it appearing to my satisfaction that the said decree was entered as against the said Alexander C. Howe, Benjamin F. Howe, John L. Howe and Margaret Chamberlain, because of inadvertence and excusable neglect on their part ; and, further, it appearing that the said decree, so far as it directs the distribution of the accumulations received by the executor on the principal sum

of $11,000 held in trust by him under the third paragraph of said will of Samuel Robinson, deceased, affects, or may affect, the rights and interests of the said moving parties in a substantial manner, as to which said moving parties claim that the said decree was erroneous, and upon which they ought to have an opportunity to be heard; and after hearing John H. Miller, Esq., in behalf of said motion, and Henry Smith, Esq., in opposition thereto, and due deliberation having been had, it is ordered that the decree entered herein be vacated and set aside.

It is further ordered, that William Dey Ermand, individually and as executor of Samuel Robinson, deceased, and Edward Robinson, Alexander C. Howe, Benjamin F. Howe, John L. Howe and Margaret Chamberlain attend before me at my office, in the city of Albany, on the 10th day of November, 1880, then and there to be heard on the settlement of a final decree in the above entitled matter."

*Henry Smith*, for Dey Ermand individually and as executor, appellant.

*John H. Miller*, for A. C. Howe and others, respondents.

BOARDMAN, J.:

The accounts of this executor were settled and distribution decreed February 4, 1879. Nearly a year afterwards the respondents herein, who appear from the decree itself to have been represented upon said accounting and distribution, apply to have said decree vacated and set aside. The surrogate has ordered the entire decree set aside, although but one error is alleged, which relates to the distribution of the income to be derived from the sum of $11,000, to be kept until the death of Mrs. Eliza Howe. We think in this respect, in any event, the order is too broad, and it should be restricted to the error alleged.

But the appellants insist the decree should not be set aside in any respect: 1st. Because the granting of the order is an extension of the time to appeal and an evasion of the limitation of time in which an appeal may by law be taken, after a hearing and decision by the surrogate of the very question in dispute. 2d.

Because no sufficient reason therefor is shown by the moving papers.

The power is undoubtedly given to the surrogate to open a decree, even after the time for appeal has passed, and correct a palpable mistake if the moving party shows fraud, deception or excusable negligence in connection with the alleged error. (Code of Civ. Pro., § 2481.)

The moving affidavits do not show any fraud or deception or bad faith on the part of the executor. There is some conflict as to the question of excusable negligence. Mr. Morrow did, in fact, appear for the respondents when the decree set aside was granted. He objected to the decree in the respect now complained of. He did what any counsel for respondents would have done; whether well or ill does not appear, except that he failed of success. Mr. Morrow also swears he informed Alexander C. Howe and Mrs. Chamberlain of the decree made, and presented Alexander C. a bill for his services rendered to him and his brothers, and that he heard no objection to the decree or the bill for services until this proceeding was begun. Whether he was in fact retained by the respondents is controverted, and the different statements in the affidavits are doubtless due to misunderstanding, and not to corruption on either side. The fact, however, remains that the respondents were represented on the accounting; that the objection to the decree, now complained of, was then made and overruled by the surrogate; that respondent knew in advance of said decree that questions would arise as to the proper order for distribution, and that, though advised by Morrow as to the terms of the decree, no appeal was taken within the time allowed by law therefor.

Is this, then, a case of inadvertence or excusable negligence, or is it a case of gross negligence? The plea is, they were ignorant of the law then, have found it out since, and hence this application. Such plea would justify a neglect to appeal in all litigated cases in surrogates' courts, and the setting aside the decree at any indefinite time in the future, if subsequent adjudications of the courts should show the decree was erroneous when entered.

But if we concede the existence of the power to set aside a decree for such an excuse as the respondents have made, have they shown any plain palpable error to exist? (*Decker* v. *Elwood*, 3 Th. &

Cook, 48.) Certainly the affidavits do not show it, except possibly upon information derived from Mr. Miller or some one else. Nor does the learned surrogate attempt to determine whether any error has been committed or not. His order is not founded upon any error that he has found and adjudged to exist, but recites that the original order of February, 1879, "affects or may affect the rights and interests of said moving parties in a substantial manner, as to which said moving parties claim that the said decree was erroneous, and upon which they ought to have an opportunity to be heard;" therefore, the order is vacated and set aside. Is that an extraordinary case of undoubted error? No, the decree is not set aside for an actual error found to exist beyond a doubt, but to enable the question to be litigated and determined whether there has been a mistake made in the provisions of the decree entered. This, we submit, does not call for or justify the exercise of the power of the surrogate to set aside or open a decree. And, finally, was there in fact any error in the decree vacated? Because if a wrong has clearly and plainly been done which can be redressed, without injury to others, courts will grant relief, unless by so doing well settled principles of law, adopted for the termination of litigation and to secure repose and quiet, must be violated. This question has not been discussed by the learned counsel for the appellants, he having assumed that the questions already discussed were sufficient for a reversal. We have, however, looked at the statute touching the point in dispute, and conclude the position of the respondents cannot be sustained. It is conceded, as was held by the surrogate, that the direction contained in the will to accumulate the interest on the $11,000, during Mrs. Howe's life, was void, and that such income was not disposed of specifically. The question then is, does it go with the fund, or is it disposed of by the residuary clause of the will? The surrogate held it went to the residuary legatees as assets of the estate not otherwise disposed of. The respondents insist that "where the rents and profits are undisposed of," they follow the fund and go to "the persons presumptively entitled to the next eventual estate," under section 40 of 1 Revised Statutes, 726. They claim the rule in regard to real estate is applicable to personal property under section 2 of 1 Revised Statutes, 773, which reads as follows: "In all other respects (that is, except as provided in

title 4, chapter 4, part 2 of Revised Statutes) limitations of future or contingent interests in personal property shall be subject to the rules prescribed in the first chapter of this act in relation to future estates in land."

Conceding the premises as claimed by respondents, the answer is, that the rents, profits or income in this case are not undisposed of. If the accumulation were not void the income would go to the appellants at the end of the life estate under the residuary clause of the will. As the direction for the accumulation is void, the income vests immediately in the residuary legatees. It is given to them by the will. It is not undisposed of nor is it given to the respondents. They are only entitled to the $11,000. The provisions of the statute referred to are not then applicable. We conclude, therefore, that the order of the surrogate should be reversed for the reasons :

*First.* That no satisfactory excuse is shown for respondents' neglect to contest the proceedings and appeal from the decree.

*Second.* That no error was shown by respondents in their application to have been committed, or so found by the surrogate as a reason for the opening of said decree, and

*Third.* That no error in fact was committed, and hence the application is without merits.

The order must be reversed, with ten dollars costs and printing expenses, and the motion to set aside or open the decree should be denied.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with costs.